**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| TRINA M. STANFORD, | : Civil Action No. 10-1069 (NLH-KW) |
| Plaintiff, | : |
| v. | : |
| KELLI STEPLER, et al., | : |
| Defendants. | : **O P I N I O N** |

**APPEARANCES:**

    TRINA M. STANFORD, Plaintiff pro se
    Newark, Delaware  19702

**HILLMAN**, District Judge

    Plaintiff Trina M. Stanford ("Stanford"), who proceeds pro se, filed a Complaint alleging employment discrimination in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, et seq.  (D.I. 2, 6.)  At this time, the Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and will give Stanford leave to amend her Complaint.

I. **Standard of Review**

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Stanford proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which

2

relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Stanford leave to amend her Complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Stanford has a "plausible claim for relief."[1] Id. at 211. In other words, the Complaint must do more than allege Stanford's

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

3

entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. **Plaintiff's Allegations**

Stanford alleges that she was terminated from her employment based upon her race, national origin, and disability. More particularly, she alleges that she was disciplined, and eventually terminated, due to the color of her complexion and because she was perceived as disabled.

## III. **Discussion**

A. Individual Defendants

The Complaint is filed pursuant to 42 U.S.C. § 2000e-5 and alleges employment discrimination based upon color, national origin, and disability. The Title VII and disability claims (presumably pursuant to the Americans with Disability Act, 42 U.S.C.A. § 12101 et seq.) are raised against individual defendant employees. The claims, however, must be dismissed inasmuch as individual employees cannot be held liable for discrimination under Title VII.[2] Sheridan v. E.I. DuPont de Nemours and Co.,

---

[2]Stanford initially named the DHSS/DCSE as a defendant, but voluntarily dismissed it on December 29, 2011. (See D.I. 7.)

4

100 F.3d 1061, 1077-78 (3d Cir. 1996). Nor does the Americans with Disabilities Act permit individual damages liability on the part of employees. Fasano v. Federal Reserve Bank of New York, 457 F.3d 274, 289 (3d Cir. 2006).

Accordingly, the Court will dismiss the Complaint, as it raises claims against individual defendants, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Since it appears plausible that Stanford may be able to articulate a claim against alternative defendants, she will be given an opportunity to amend her claims. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

B. Request for Counsel

Stanford requests counsel. (D.I. 5.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the Court finds that plaintiff's claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). The Court should consider a number of factors when assessing a request for counsel,

5

including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Plaintiff's claim has arguable merit. Moreover, Plaintiff appears to have the ability to present her claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Accordingly, the Court will deny the Request for Counsel without prejudice to renew.

IV. **Conclusion**

For the reasons set forth above, the Court will deny Stanford's request for counsel without prejudice to renew. In addition, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B).  Stanford will be given leave to amend her Complaint.

An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　　**NOEL L. HILLMAN**
　　　　　　　　　　　　　　　　　　　**United States District Judge**


Dated: February 4, 2011
At Camden, New Jersey